IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
OPTICSPLANET, INC.,            )
                               )
            Plaintiff,         )
                               )
     v.                        )    No.  09 C 7934
                               )
OPTICSALE, INC., et al.,       )
                               )
            Defendants.        )
```

## MEMORANDUM OPINION AND ORDER

This Court has allowed to lie fallow, for a time, the fully briefed motion by OpticsPlanet, Inc. ("OpticsPlanet") to dismiss portions of the Amended Counterclaim ("Counterclaim") advanced against it by two of the defendants, OpticSale, Inc. ("OpticSale") and Akyr Enterprises, Inc. ("Akyr"). That inaction was deliberate, undertaken in the hope that this Court's threshold effort to unscramble each side's inappropriate expropriation of domain names that should in right have inured to the other side might point the way to a swift and easier resolution of their dispute.

That hope has proved unduly optimistic. Instead each side has grown increasingly combative, even to the point of quarreling as to the meaning and purpose of this Court's unscrambling efforts. This memorandum opinion and order will turn, then, to resolving the pending motion.

OpticsPlanet's challenges address Counterclaim Counts V, VI and VII and a portion of Count VIII. This memorandum opinion and

order will speak to those challenges seriatim.

At the outset, one of the first two cited counts is an easy mark. Like too many Illinois practitioners who come into the federal court, the OpticSale-Akyr counsel have carved up the same "claim"--the operative concept in federal jurisprudence--into more than one count, based on different theories of recovery on that single claim. That practice ignores the purpose of separate federal counts, as specified in the second sentence of Fed. R. Civ. P. 10(b).

It is not as though the basic error of that practice has gone unremarked by our Court of Appeals. Eighteen years ago Judge Easterbrook's opinion for that court in NAACP v. Am. Family Mut. Ins. Co., 978 F.2d 287, 291-93 (7th Cir. 1992) spelled out the distinction between "claim" (again the federal concept) and "cause of action" (the operative concept under state law) in detail--in this Court's view, that opinion should be mandatory reading for every federal practitioner. And in that same year Judge Easterbrook's opinion for the court in Bartholet v. Reishauer A.G. (Zurich), 953 F.3d 1073, 1078 (7th Cir. 1992) had succinctly stated one of the consequences of that distinction:

> But the complaint need not identify a legal theory, and specifying an incorrect theory is not fatal.[1]

---

[1] [Footnote by this Court] That principle and its Bartholet origin have been cited many times since then. Ironically, page 2 of the OpticSale-Akyr responsive memorandum has made precisely the same point, citing an opinion by this

2

Count V (labeled "Tortious Interference With Prospective Business Relationships") and Count VI (labeled "Tortious Interference With Prospective Economic Advantage") are Tweedledum and Tweedledee, for they stem from the same claim. Hence the assertion of just one of the two counts would suffice--if, that is, those theories of recovery were to survive at all.

But they do not, for both of them founder on the doctrine known as the "competitor's privilege"--a doctrine well entrenched as to tortious interference causes of action under Illinois caselaw, which in turn follows the lead of Restatement (Second) of Torts §767. Thus that doctrine has been reconfirmed and applied in such cases as <u>Miller v. Lockport Realty Group, Inc.</u>, 377 Ill.App.3d 369, xxxx, 878 N.E.2d 171, 178 (1st Dist. 2007), quoting earlier caselaw:

> The privilege to engage in business and to compete allows one to divert business from one's competitors generally as well as from one's particular competitors provided one's intent is, at least in part, to further one's business and is not solely motivated by spite or ill will.

Here there is no suggestion by OpticSale and Akyr that the "solely motivated by spite or ill will" exception applies. To the contrary, on the allegations in the Counterclaim itself OpticsPlanet was seeking to feather its own competitive nest. Indeed, to the extent that the domain-poaching misconduct on

---

Court that had in turn cited to and relied upon <u>Bartholet</u>.

3

OpticsPlanet's part might be argued as reflecting some degree of spite or ill will, OpticSale and Akyr are scarcely in a position to complain--their identical course of conduct could well place them in an in pari delicto box.

In sum, OpticsPlanet's motion is granted as to Counts V and VI. Both are dismissed.

As for Count VII, which sounds in "Attempted Monopolization in Violation of Section 2 of the Sherman Act," it fails on different grounds. Although OpticSale and Akyr seek to define the relevant market in terms of the online sale of such optics equipment as binoculars, monoculars, rifle scopes and sport optics, there is not the slightest hint that OpticsPlanet has power over the price of those goods (the hallmark of the monopolist) or would acquire that power if its competitive conduct vis-a-vis OpticSale and Akyr were wholly successful. In that respect, it is unrealistic to ignore the far larger market for those products in the generic sense.

Here too Counterclaim VII seeks to transmute competition into attempted monopolization, but that effort fails the plausibility requirement marked out by the Supreme Court in the Twombly-Iqbal dichotomy. Count VII is also dismissed.

Finally, because Counterclaim Count VIII seeks an accounting, its scope suffers shrinkage because of the contraction of the Counterclaim's substantive claims. In that

respect Count VIII is dismissed in part.

## Conclusion

OpticsPlanet's motion (Dkt. 45) for partial dismissal of the Counterclaim is granted in its entirety.  This action will go forward with the retention of the remaining Counts in the Counterclaim.

_____
Milton I. Shadur
Senior United States District Judge

Date:  July 14, 2010