```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

OPTICSPLANET, INC.,            )
                               )
            Plaintiff,         )
                               )
     v.                        )     No. 09 C 7934
                               )
OPTICSALE, INC., et al.,       )
                               )
            Defendants.        )

## MEMORANDUM ORDER

On March 1 counsel for defendants AKYR Enterprises, Inc. and Ilya Beyrak (collectively "AKYR," treated for convenience as a singular noun[1]) filed the most recent of the seemingly endless series of submissions that have sought to stave off the inevitable--this time a document captioned "Certain Defendants' Response to Plaintiff's Motion for Rule To Show Cause." That filing sought a further deferral of the pending contempt proceedings because of AKYR's then-pending mandamus petition before our Court of Appeals.

Just two days later, on March 3, the Court of Appeals issued its order denying mandamus relief, and this Court accordingly returns to the issue of contempt. To begin with, AKYR is ordered forthwith to add to the main website "www.opticsale.com" the

---

[1] All prior rulings and opinions by this Court have used "OpticSale" as the shorthand name to denote defendants, because it is the first-named defendant in the case caption. Because it now appears that the two defendants named in the text are the active parties in interest on defendants' side of the "v." sign, this and future orders will employ the usage set out in the text.

neutral form of disclaimer prescribed by this Court on January 28, 2011. As for the contempt proceeding itself, the Court of Appeals' order correctly reflects that more than nine months have now elapsed since this Court first ordered the posting of such a disclaimer on July 6, 2010--and that being the case, counsel for both sides are ordered to appear in court at 8:30 a.m. March 14 with an eye toward (1) quantifying the fee-shifting that appears to be the minimum appropriate sanction for defendants' prolonged recalcitrance and (2) discussing whether additional sanctions are in order as well.

As for who should bear the cost of whatever sanctions are imposed, this Court believes that any dispassionate observer of what has gone before would agree that those on the defense side of this litigation have "multiplie[d] the proceedings in [the] case unreasonably and vexatiously" (the language of 28 U.S.C. §1927 ("Section 1927")). After all, if defendants had been reasonable and nonvexatious--if they had acceded to the modest requirement of a disclaimer early on--far less trouble and expense would have been incurred and everyone could have been more constructively occupied in dealing with the merits instead of being diverted as it has been.

But this Court does not propose to invoke Section 1927 and place the onus on defense counsel. It does not know of course whether the protracted resistance and obstructiveness have

2

reflected the decision of the lawyers or, instead, their complaisant compliance with the clients' directives or both--and this Court certainly has no desire or intention to invade the lawyer-client relationship (whether or not privileged) to inquire into the ultimate responsibility for the contemptuous conduct.

Until now defense counsel have really not fully addressed the sanctions claim as framed by plaintiff's counsel. That is long overdue, hence the earlier direction for a March 14 status hearing.

_____
                              Milton I. Shadur
                              Senior United States District Judge

Date:  March 7, 2011