IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OPTICSPLANET, INC.,                )
                                   )
            Plaintiff,             )
                                   )
     v.                            )     No.  09 C 7934
                                   )
OPTICSALE, INC., et al.,           )
                                   )
            Defendants.            )

## MEMORANDUM OPINION AND ORDER

This bitterly contested litigation reflects hard feelings on both sides of the "v." sign that have sometimes regrettably spilled over into areas where client resistance has taken the place of adherence to measures that this Court has ordered in its effort to permit attention to be focused on the merits of the parties' respective contentions.  That recalcitrance has manifested itself most conspicuously in defendants'[1] stubborn and protracted opposition to this Court's attempt to fashion a neutral public disclaimer to minimize the likelihood that prospective customers who really wished to deal with OpticsPlanet, Inc. ("OpticsPlanet") would be diverted to OpticSale, Inc. as a result of the latter's having poached on OpticsPlanet's preserves by the wrongful registration of domain

---

[1] Although this Court's preference is to refer to parties by name rather than by a generic term, in this instance (as explained hereafter) the names attached to filings on the defense side have shifted during the briefing.  Hence this opinion will use "defendants" as a collective term to describe the filing parties from time to time.

names that cast a false light on the situation.

This Court has no desire to invade lawyer-client privileged areas or to set lawyers against their clients.  Accordingly, even though the conduct on defendants' side may fit the 28 U.S.C. §1927 description of "multipl[ying] the proceedings in [this] case unreasonably and vexatiously," this Court has not ascribed the contemptuous conduct to defense counsel.  Instead it was defendants themselves whom this Court held in contempt on December 6, 2010 for their extended and continuing failure to post a disclaimer of the type sought by this Court (or perhaps more accurately, of a type on which this Court had invited party submissions in an effort to seek neutrality).

In any event, OpticsPlanet's counsel properly complied with this Court's request that they submit information as to the attorneys' fees that had been incurred--a request that produced a statement seeking an award of $26,062.  On December 30, 2010 defendants (all the defendants named in the Complaint except Biana Fridman) responded with objections that would cut the amount back to $14,362 or less.  OpticsPlanet's counsel then filed a January 14, 2011 reply, and now just two of the named defendants (Akyr Enterprises, Inc. and Ilya Beyrak) have filed a brief March 29 surreply.

Although defendants' response and surreply cite to some earlier fee-award opinions by this Court (one dating back to

1989, the other a 1994 opinion) that speak in sharply different circumstances of some limiting factors that courts may apply in reviewing fee awards, what must always be kept in mind is that courts necessarily look at any such requests from the outside and in retrospect. To determine reasonableness accurately from that external and hindsight perspective is difficult by definition. For its part, our Court of Appeals teaches that the acid test is defined by the free market: "the best evidence of whether attorney's fees are reasonable is whether a party has paid them" (RK Co. v. See, 622 F.3d 846, 854 (7th Cir. 2010), quoting--and thus reconfirming--the principle stated in Cintas Corp. v. Perry, 517 F.3d 459, 469 (7th Cir. 2008)). That standard discourages judicial second-guessing.

But in all events the real issue here is what the contemnor defendants' conduct has cost OpticsPlanet. This Court has reviewed defendants' half-dozen categories of objections to the fee request set out at Response ¶¶6 through 11. Even though some quarrel might perhaps be voiced as to some of the entries on counsel's time sheets, it cannot be gainsaid (1) that counsel's initial effort (the subject of Response ¶6) was involved in obtaining this Court's original order (and is thus recoverable) and (2) that all later activity as to which objections have been lodged (a) would not have been undertaken but for defendants' resistance and (b) pass muster under the RK-Cintas approach.

Accordingly OpticsPlanet is awarded the full requested amount of $26,062.[2]  Because this Court neither has nor desires information on what has led to the differing cast of characters that have authored defendants' successive filings, liability is imposed on all defendants named in this action jointly and severally.  If any defendant has grounds for objecting to that treatment, the issue can be raised by motion with which this Court will then deal.

                                                  _____
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date:  April 27, 2011

---

[2] It may be noted that the figure requested by OpticsPlanet and awarded here does not represent full recovery, a consequence of failing to impose the fees-on-fees costs that recall to mind Jonathan Swift's lines of doggerel:

> So, naturalists observe, a flea
> Hath smaller fleas that on him prey;
> And these have smaller still to bite 'em;
> And so proceed <u>ad</u> <u>infinitum</u>.