```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

OPTICSPLANET, INC.,              )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No.  09 C 7934
                                 )
OPTICSALE, INC., et al.,         )
                                 )
          Defendants.            )
```

MEMORANDUM ORDER

During last week's status hearing this Court learned that plaintiff's counsel had timely filed its response to the defense Motion To Recover Lost Sales, but that the reason for this Court's unawareness of that filing was the noncompliance by plaintiff's counsel with this District Court's LR 5.2(f) requirement. That noncompliance triggered this Court's imposition of a moderate $100 fine, as presaged by the opening boldface paragraph of this Court's website.

Acting far more swiftly than he had done with the original filing, plaintiff's counsel has--on the same day--delivered to this Court's chambers a "Motion To Reconsider Order Imposing Sanction under Local Rule 5.2(f) and This Honorable Court's Standing Order," coupled with a notice of proposed presentment of that motion on November 3. But that motion to reconsider fails to understand that mulcting counsel with a financial sanction is not punitive but rather educative in nature. For example:

      1.  If counsel thought about the matter, he would

understand that the purpose of setting a filing date to be followed shortly thereafter by a status hearing is to enable this Court to have considered the matter in advance of that status date, either to enable it to rule at that time or to establish some other appropriate procedure for disposition. When no advance copy is provided to the assigned judge, that goal is defeated.

    2.  Everyone can offer up some excuse for noncompliance--"This was my first offense," "It was my messenger's fault, not mine"--and the list goes on. But as in all other areas governed by law, equality of treatment is an essential component of fairness. This Court is disinclined to emulate the ancient chancery practice when justice was said to be administered in accordance with the length of the Chancellor's foot--in this instance finding one violator's excuse weightier than that of another.

There are other reasons for uniformity of treatment, of course, but these few examples should suffice. Plaintiff's motion is denied, obviating the need to expend further resources on the part of either side's counsel by appearing at the specified presentment date.

    _____
    Milton I. Shadur
    Senior United States District Judge

Date:  October 31, 2011