IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OPTICSPLANET, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 09 C 7934 |
| OPTICSALE, INC., et al., | ) ) ) |
| Defendants. | ) |

<u>MEMORANDUM OPINION AND ORDER</u>

Two motions in this case are included in the current printout of the regularly-ordered list of motions pending in cases assigned to this Court's calendar. Like the myriad earlier disputes between the combative litigants and (regrettably) their combative counsel, both motions stem from the procedural skirmishes that have kept the parties from the merits for almost two years.

It is to be hoped (in the best tradition of "hope springs eternal") that counsel's oral report at the last status hearing, stating that the parties had at last begun addressing the merits in a serious way, signals that these remaining motions are the final remnants of the procedural sideshows that seemingly had to be disposed of before the parties could get to the main event. But whether or not that is so, this memorandum opinion and order explains why the Dkt. 210 motion by defendant AKYR Enterprises,

Inc. ("AKYR")[1] to recover assertedly lost sales must be and is denied.[2]

In Dkt. 10 AKYR seeks to collect over $66,000 that it attributes to sales assertedly lost by it "as a result of Plaintiff OpticsPlanet's for [sic] gross misrepresentations to this Honorable Court regarding the effect of placing a disclaimer on the website www.opticsale.com" (AKYR Motion at 1). As AKYR would have it, its lawyers were right and OpticsPlanet's were wrong in their predictions as to the effect of the disclaimer that this Court had ordered near the very outset of the litigation--and that, AKYR says, requires OpticsPlanet to pay for the assertedly lost sales.

To begin with, it was after all this Court and not OpticsPlanet or its counsel that heard the parties out and decided what form the necessary disclaimer should take. AKYR's

---

[1] When this action was first brought, OpticSale, Inc. ("OpticSale") was understood to be the principal target of OpticsPlanet, Inc. ("OpticsPlanet") among the several named defendants. This Court has consequently frequently used OpticSale as a collective term for all the defendants. Somewhere along the line differences among the defendants have resulted in AKYR becoming the principal that operates the OpticSale business. Because this Court has not of course been privy to the nature or timing of that shift in power, some of the references to parties defendant in this memorandum opinion and order may turn out to be incorrect--but the substance of the ruling here is unaltered.

[2] One more brief remains to be filed in connection with the other pending motion (Dkt. 204), in which OpticsPlanet seeks to recover additional fees stemming from its motions for rules to show cause. That motion will be addressed when it is ripe for decision.

Motion ¶6 actually acknowledges the need for a corrective measure to address the situation created by OpticSale's improper pre-lawsuit conduct:

> 6. The Court was rightfully concerned that Defendant AKYR not become the unfair beneficiary of current and potential customers of Plaintiff OpticsPlanet because Defendant AKYR, as the new owner of the aforementioned domains, would not be capable of re-directing inquires [sic] to www.opticssale.com and www.optics-sale.com to www.opticsale.com, Defendant AKYR's home page.

But OpticSale was not always that sweetly-reasonable--its counsel fought hard and bitterly on that score, a contentious dispute that impermissibly dragged out the implementation of that corrective measure for many months.

It must not be forgotten that to the extent that AKYR may perhaps have been wounded by the disclaimer, that wound was really self-inflicted by OpticSale. AKYR's purported portrayal of events in its motion is a distressing piece of revisionist history, and OpticsPlanet's response has accurately provided chapter and verse to refute that portrayal and place the matter in its true light. Importantly, nothing in the way of correction would have been necessary to deal with the risks recognized in AKYR's Motion ¶6 if OpticSale, a latecomer to the market served by OpticsPlanet, had not created that risk to begin with and had not prolonged the risk by its foot-dragging delays.

Moreover, it is quite impossible from the numbers tendered by AKYR to determine--or even to extrapolate--what the

3

corresponding claimed losses would have been if AKYR and its counsel had not engaged in combat over such an extended period of time before the disclaimer was actually posted. Just by way of example, for aught that appears, the base figure from which AKYR calculates a decline may well have been artificially inflated by the absence of a proper disclaimer, so that business that would have gone to OpticsPlanet found its way to OpticSale and AKYR instead.

There is no need to speculate on that score, however. What controls instead is that the indignant response filed by OpticsPlanet has correctly spelled out the history of the dispute and the manner in which any asserted harm to AKYR was occasioned by intransigence and delays on the defense side, rather than on any purported (but nonexistent) "gross misrepresentations" on the part of OpticsPlanet's counsel.[3]

In summary, AKYR's Dkt. 210 motion to recover assertedly lost sales (Dkt. 210) is denied. As soon as the other outstanding motion has become fully briefed, this Court hopes to

---

[3] What has been said in the text explains why AKYR's motion should be denied in any case. But even if that were not so, its effort is seriously flawed by being based on gross sales, without taking into account all of the other components relevant to any calculation of harm in real world terms--the cost of goods sold and all of the other expenses that must be taken into account in determining the net profits that would have been realized by a party injured by its opponent's claimed wrongdoing. There is no justification at all for AKYR's counsel's advancing of a boxcar number such as $66,000-plus.

4

address it promptly so that the parties can move on to the long-delayed consideration of the merits of their controversy.

```
                        _____
                        Milton I. Shadur
                        Senior United States District Judge
```

Date: November 4, 2011