```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

OPTICSPLANET, INC.,            )
                                  )
        Plaintiff,      )
                                  )
   v.                           )   No.  09 C 7934
                                  )
OPTICSALE, INC., et al.,       )
                                  )
       Defendants.     )

<u>MEMORANDUM ORDER</u>

This brief memorandum order addresses the additional fee request made by OpticsPlanet, Inc. ("OpticsPlanet") stemming from the failure of defendants to pay attorneys' fees previously ordered by this Court, thus necessitating further work on the part of OpticsPlanet's counsel until a second Motion for Rule To Show Cause was filed and payment was made in June 2011.[1] Both sides of the dispute have submitted position statements (most recently OpticsPlanet's Supplemental Brief in Support of Its Additional Fee Request), each of which has some persuasiveness-- and because any evaluation of fee requests "from the outside and

---

[1] As this Court advised counsel for the parties during the December 8 status hearing dealing with other aspects of the case, apologies are in order for the delay in this ruling--this Court's compelled two-month move from its regular 23d floor courtroom and chambers to the 10th floor, which necessarily left a good many records and other materials behind and has resulted in the organization of the transmitted materials in a less-than-satisfactory condition, has disrupted the handling of this Court's calendar considerably.

in retrospect"[2] is necessarily limited in its ability to fine tune an appropriate award, any effort at precise evaluation must give way to the application of general principles.

One of those principles was identified in the April 27 ruling as exemplified by <u>RK Co. v. See</u>, 622 F.3d 846, 854 (7th Cir. 2010), which reconfirmed the proposition that "best evidence of whether attorney's fees are reasonable is whether a party has paid them." But that general principle is not immutable--in this instance it breaks down because the detailed statement from OpticsPlanet shows that the matter was substantially overlawyered by the involvement of added counsel Serge Biberman in a situation that could readily have been--and should have been--handled as a one-lawyer matter by attorney Jan Stromsta.

This Court recognizes and credits what is said at page 3 of OpticsPlanet's Supplemental Brief:

> Mr. Biberman is a partner in Enterprise Law Group, LLP, and OpticsPlanet is his long-time client. He has represented OpticsPlanet in many matters over the years, and has worked on and billed time in this case since its inception, which pre-dates the hiring and involvement of the undersigned counsel.

But the willingness of OpticsPlanet to use attorney Biberman as an eminence grise on the matter involved here must be viewed as suiting the client's convenience (and therefore payable by the client), but <u>not</u> as a predicate for fee-shifting when that proves

---

[2] This language is quoted from this Court's April 27, 2011 ruling on the original fee request.

2

appropriate.

Accordingly this Court has eliminated from the fee request the duplicative services rendered by attorney Biberman as well as the corresponding consultation with him by attorney Stromsta (who is himself an over-50-year-old attorney who has spent more than a quarter century in the practice of law--10 years more than attorney Biberman). That knocks $2,025 off of the fee request, bringing it down to $3,467.50.

None of the other assertions advanced by defendants, all of which have been effectively addressed in OpticsPlanet's Supplemental Brief, can prevail over the general principle referred to earlier. All defendants other than Alexander Ostrovsky (who is in bankruptcy) are jointly and severally liable, and they are collectively ordered to pay the amount specified in the preceding paragraph to OpticsPlanet on or before December 23, 2011.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 12, 2011