IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
OPTICSPLANET, INC.,              )
                                 )
        Plaintiff/               )
        Counterdefendant,        )
                                 )
    v.                           )    No.  09 C 7934
                                 )
OPTICSALE, INC., et al.,         )
                                 )
        Defendants/              )
        Counterplaintiffs.       )
```

MEMORANDUM ORDER

With regret for the considerable delay in issuance of this memorandum order, this Court has now had the opportunity to re-review the hearing transcript and the post-hearing submissions by the parties on the motion by OpticsPlanet, Inc. ("OpticsPlanet") for sanctions attributable to the most recent questionable litigation conduct on the part of defense counsel and their clients--this time AKYR Enterprises, Inc. ("AKYR") and Ilya Beyrak. That in-depth reconsideration has confirmed that for the reasons this Court has earlier articulated orally, the defense effort to disqualify both Michael Gnesin ("Gnesin") and Enterprise Law Group, LLP ("Enterprise") as OpticsPlanet's counsel calls for the shifting of attorneys' fees as a sanction pursuant to 28 U.S.C. §1927 (as to defense counsel) and Fed. R. Civ. P. 11(b)(as to both defense counsel and their clients).[1]

---

[1] That attempted disqualification was particularly egregious. If successful, it would have leveraged the hiring of Gnesin by Enterprise into the ouster of the entire law firm from

Because this Court has already announced its views on the record, and because the excellent Memorandum in Support of Plaintiff's Motion for Sanctions filed by Enterprise has quoted critical aspects of this Court's statements during the evidentiary hearing, in addition to spelling out persuasively the reasons for granting the motion, there appears to be no need for a rehearsal of the basis for imposing sanctions. Instead this brief memorandum order will be limited to identifying the scope of the sanctions and the procedure for quantifying them.

First as to scope, OpticsPlanet has asked not only for an award of fees and expenses attributable to this most recent delinquency but also for the imposition of a fine. There is a good deal to be said for considering the latter in light of what OpticsPlanet's motion refers to as "misconduct and gamesmanship" during the course of the litigation, categorized by its Motion at 2 in this way:

> a. Filing of Disqualification Motion;
>
> b. Examining and seeking to impeach Michael Gnesin on an issue known to be factually incorrect;
>
> c. Being found in contempt of court for failing to post the required disclaimer on Akyr's website;
>
> d. Refusing to comply with court orders, such as an order for payment of fees; and

---

the litigation, thus imposing a major hardship on OpticsPlanet in having to retain new counsel who would have had to start over again from scratch.

> e. Filing a Petition for Writ of Mandamus after failing to obey this Court's order to post a disclaimer that was specifically drafted by this Court.

But this Court has opted to limit the sanctions to an amount restorative to OpticsPlanet, eschewing what might be viewed as punitive in the way of a fine.

As for procedure, this Court hopes that any increase in the amount of sanctions attributable to "fees on fees" can be minimized by the parties' following of a practice less formal and protracted than that outlined by this District Court's LR 54.3. Instead counsel are urged to confer promptly and informally, with each side providing the other with information as to its own attorneys' time and charges (in addition to any out-of-pocket expenses) relating to the disqualification effort. To the extent that process can result in minimizing the areas of dispute, so much the better. And whether or nor that turns out to be the case, it should lessen the time required for submission of the expected competing proposals as to the amount of sanctions to be ordered.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 22, 2012